UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MICHAEL WAYNE COUCH, <br>     Plaintiff, <br><br> v. <br><br> CLAY COUNTY DET. CTR., *et al.*, <br><br>     Defendants. | No. 6: 23-CV-065-REW <br><br><br> MEMORANDUM OPINION <br> AND ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Michael Wayne Couch is currently confined at the Clay County Detention Center ("CCDC") located in Manchester, Kentucky. Proceeding without an attorney, Couch has filed a civil complaint against the CCDC and Jailer Linda Smallwood pursuant to 42 U.S.C. § 1983, DE 1, and has re-filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, DE 8, that is supported by a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2). *See* DE 9.

The Court has reviewed Couch's fee motion, DE 8, and the financial information submitted in support, DE 9, and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Couch has been granted *pauper* status in this proceeding, the $52.00 administrative fee is waived. *See* District Court Miscellaneous Fee Schedule, § 14.

Because the Court has granted Couch permission to proceed without prepayment of the filing fee, the Court must conduct a preliminary review of his Complaint pursuant to 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

1

from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Couch's Complaint is evaluated under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his Complaint, Couch alleges that the bathroom and shower ceiling in his cell is covered with black mold, which he claims is "known carcinogen." *See* DE 1 at 2. He further alleges that food trays are delivered to inmates with black mold on them and that he has written to the Jailer and the Kentucky Department of Corrections to no avail. *Id*. Couch also alleges that, on numerous occasions, he has asked to have papers notarized to send to the Kentucky Bar Association and "the notary here refuses to come and sign them because she had to go to court once." *Id*. Finally, he alleges that Smallwood is "negligent in her duties to the detriment of the people here and with no regard for their lives." *Id*. at 3. Based on all of these allegations, Couch claims that his rights under the Sixth, Eighth, and Fourteenth Amendments have been violated. As relief, he requests that "he simply wants his rights to be upheld," and to "live in sanitary conditions" and "to be able to get papers notarized so I can have the same legal representation every citizen is entitled to." *See* DE 1 at 8.

However, Couch's Complaint will be dismissed for failure to state a claim for which relief may be granted, because it fails to adequately allege a constitutional claim against either of the named Defendants. First, the CCDC is not a suable entity apart from the county that operates it. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of

2

Matthews's complaint."). Even if the Court were to construe Couch's claims as being alleged against Clay County, because a county government is only responsible under 42 U.S.C. § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *see Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom that he alleges caused his injury. *See Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Couch points to no such policy in the complaint; thus, he fails to state a claim for relief against Clay County. *Id*.; *see also Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014).

Nor does Couch plead a viable constitutional claim against the Jailer, Linda Smallwood, in either her official or individual capacity. An "official capacity" claim against a government official is not a claim against the officer arising out of her conduct as an employee of the government but is actually a claim directly against the governmental agency that employs her. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, claims against Smallwood in her "official" capacity as an employee of Clay County are construed as claims against the county. However, as already noted, Couch does not allege that any of the actions alleged in the complaint were taken pursuant to an established policy of Clay County, thus he fails to state a claim for relief against Smallwood in her official capacity.

To the extent Couch seeks to sue Smallwood in her individual capacity, personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *See Nwaebo v. Hawk-Sawyer*, 83 F.

App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Accordingly, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he or she allegedly did or did not do that forms the basis of the plaintiff's claim against him or her. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citations omitted).

The only allegations specific to Smallwood are that Couch has written to her regarding his claims related to black mold "to no avail," *see* DE 1 at 2, and that she is "negligent in her duties." *See id*. at 3. However, prison officials are not liable under § 1983 for denying or failing to act on grievances. *See Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008). And to the extent that Couch seeks to hold Smallwood responsible for the conditions of his confinement because of her supervisory role as Jailer, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Polk County*, 454 U.S. at 325-26; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, the plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Because Couch does not allege that Smallwood was personally involved in any conduct that violated his constitutional rights, his claims against Smallwood in her individual capacity fail.

Moreover, Couch's claim that Smallwood has been negligent in her duties is insufficient to state a constitutional deliberate indifference claim. As a matter of clarification, while a claim

4

alleging deliberate indifference by a prison official brought by a convicted prisoner implicates an inmate's rights under the Eighth Amendment, "[t]he Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees." *Westmoreland v. Butler County, Kentucky*, 29 F.4th 721, 726–27 (6th Cir. 2022) (citations omitted). Thus, because Couch is a pretrial detainee, *see* DE 1 at 1, his claims suggesting deliberate indifference to his needs are governed by the Fourteenth Amendment. This distinction matters, because the Sixth Circuit has held that the United States Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) "eliminates the subjective element of a pretrial detainee's deliberate-indifference claim." *Brawner v. Scott County, Tennessee*, 14 F. 4th 585, 591 (6th Cir. 2021).

Even so, while "[a] pretrial detainee need not prove subjective elements about an officer's actual awareness of the level of risk…, he must prove the officer was more than merely negligent; the officer must have acted with 'reckless disregard' in the face of 'an unjustifiably high risk of harm.'" *Westmoreland* 29 F. 4th at 730 (citing *Brawner*, 14 F.4th at 596) (quoting *Farmer*, 511 U.S. at 836)). Thus, allegations of negligence are insufficient to state a failure-to-protect claim, even post-*Kingsley* and *Brawner*. *See Kingsley*, 576 U.S. at 396 (noting that "as we have stated, 'liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.'") (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998)) (emphasis added in *Kingsley*).

Finally, with respect to Couch's claim that he has been unable to have documents notarized for purposes of sending them to the Kentucky Bar Association, although prison officials may be liable for frustrating a prisoner's First Amendment right to access the courts in some circumstances, "[t]o state a violation of this right, a prisoner must allege that a prison official's conduct caused him an actual injury, such as frustration of a particular legal claim." *Barnett v.*

5

*Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011) (citing *Hadix v. Johnson,* 182 F.3d 400, 405–06 (6th Cir.1999)).  Couch, focused on access to notarization outside the court system, has identified no such injury here.[1]

While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."). Couch's failure to adequately allege a claim for relief against a viable defendant does not give this Court license to create or supply allegations on his behalf. *See Couch v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf." ) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

For all of these reasons, Couch's complaint will be dismissed on initial screening for failure to state a claim for which relief may be granted.

Accordingly, it is hereby **ORDERED** as follows:

1. Couch's motion to proceed *in forma pauperis*, DE 8, is **GRANTED**.  Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below:

    a. Within **thirty (30) days** from the date of this Order, Couch must pay **$59.70** to the Clerk of the Court as an initial partial filing fee. 28 U.S.C. § 1915(b)(1)(A);

---

[1] While Couch states that he has "been incarcerated for 19 months and still [doesn't] have an attorney who will adequately represent" him, *DE* 1 at 3, the Court may take judicial notice of the online record in Couch's ongoing state criminal case.  *See Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969) (a court "may take judicial notice of proceedings in other courts of record.").  *See* Fed. R. Evid. 201(b)(2); Fed. R. Evid. 902(5) (records on government websites are self-authenticating).  According to these records, although there was recently a hearing regarding Couch's legal representation, Couch has been represented by various Attorney-Public Advocates throughout the proceedings. *Commonwealth of Kentucky v. Michael Wayne Couch*, No. 21-CR-00115 (Clay Circuit Court 2023), available at https://kcoj.kycourts.net/kyecourts.  While two of Couch's attorneys have been granted permission to withdraw, he continues to have counsel of record. *Id*.

6

    b. The Clerk of the Court shall open an account in Couch's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Couch's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Couch is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky; and

    c. Each month Couch's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2).

2. Couch's Complaint, DE 1, is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted;

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket; and

4. Judgment shall be entered contemporaneously herewith.

This the 28th day of June, 2023.

Signed By:
*Robert E. Wier* REW
United States District Judge